## THE STATE *v.* BUFFUM.

Upon a complaint for stealing, a prisoner was ordered by a magistrate to recognize for his appearance at the Court of Common Pleas, in the sum of four hundred dollars, with two sureties in the sum of two hundred dollars each. He recognized in the sum of four hundred dollars with ten sureties in the sum of forty dollars each, of whom the defendant was one. Upon *scire facias* against the defendant it was *held*, that the order of the magistrate was not complied with, and that the sureties were not bound.

SCIRE FACIAS. On the 24th day of July, 1850, Prelate M. Robinson, having been arrested upon a complaint against him for larceny, was brought before Calvin Burnap, a Justice of the Peace for this county, and was ordered to recognize in the sum of four hundred dollars, with two sufficient sureties in the sum of two hundred dollars each, for his appearance at the Court of Common Pleas for this county, to be held on the second Tuesday of September next ensuing. Robinson recognized as principal in the sum of four hundred dollars, and the defendant with

nine other persons recognized as his sureties in the sum of forty dollars each. The defendant demurred to the *scire facias,* alleging that the matters contained therein were not sufficient in law to authorize the State to have an execution against him for the sum of forty dollars, and the State joined in the demurrer.

*Wheeler,* County Solicitor, for the State.

*Faulkner,* for the defendant.

I. There is a material and fatal variance between the order of the Justice, admitting the principal to bail, and the recognizance of the bail as recited in the record. *Dillingham* v. *The United States,* 2 Wash. C. C. 422.

The order of Court upon which the recognizance purports to be founded was, that the principal should recognize in the sum of four hundred dollars, with *two* sufficient sureties in the sum of two hundred dollars each, and should stand committed until he complied with the order. Now, one would suppose, either that he recognized according to the order, or was committed. But it certainly could not be in compliance with this order, that the defendant recognized with nine other persons in the sum of forty dollars each.

II. It is not averred that the default of the principal appears of record. *Dillingham* v. *The United States, supra; The State* v. *Chesley,* 4 N. H. Rep. 366; *The People* v. *Van Eps,* 4 Wend. 387.

GILCHRIST, C. J. The order of the magistrate in this case having been, that Robinson should recognize in the sum of four hundred dollars, with two sureties in the sum of two hundred dollars each, he gave his own recognizance, but furnished ten sureties in the sum of forty dollars each.

Upon what ground can any one of these sureties be holden? They are liable, in any case, only upon the ground that they have entered into a recognizance ordered by a tribunal having authority to act in the premises. If this be a compliance with the order of the magistrate, it would be difficult to say where the

line should be drawn. It would seem, in any case, to be sufficient if the prisoner furnished sufficient sureties for his appearance, whether they were holden for the sum, or in the manner specified in the order of the magistrate. If any attention whatever is to be paid to the terms of the order, these sureties cannot be holden; for they do not come at all within it. It is sufficient that they have not recognized according to the order, and a compliance with the order is the only ground upon which the validity of the recognizance can be placed. They must be considered as having entered into no recognizance as ordered by the magistrate, and that is a sufficient answer to this process.

*Judgment for the defendant.*